**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| MINERVA MACK, | : | Case No. 1:16-cv-07138-GHW |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **Electronically Filed** |
| -against- | : |  |
|  | : |  |
| VERIZON COMMUNICATIONS INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

---

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Now comes Defendant Verizon Communications Inc. ("Defendant"), by and through its undersigned counsel, and files the following Answer and Affirmative Defenses to Plaintiff Minerva Mack's ("Plaintiff") Amended Complaint:

**ANSWER**

**I.  BASIS FOR JURISDICTION**

The allegations set forth in Paragraphs I and I.A of the Amended Complaint constitute conclusions of law to which no response is required.

**II.  PARTIES**

  **A.  Plaintiff Information**

Defendant admits that its records reflect Plaintiff's name, address and telephone number as stated in Paragraph II.A of the Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's e-mail address.

  **B.  Defendant Information**

Defendant admits that it has offices located at 1 Verizon Way, Basking Ridge, NJ 07920.

1

**III.   STATEMENT OF CLAIM**

Defendant denies the allegations set forth in Paragraph III of the Amended Complaint.

**FACTS:**

Defendant responds to each of the numbered paragraphs set forth in the "FACTS" attachment to Plaintiff's Amended Complaint as follows:

1. Defendant admits that Verizon Benefits Center records reflect Plaintiff's date of birth as February 24, 1948.

2. Defendant admits that New York Telephone became part of an operating company named NYNEX on or about January 1, 1984. Defendant further admits that NYNEX subsequently was acquired by Bell Atlantic, and that Bell Atlantic subsequently acquired GTE, creating Verizon Communications Inc. The remaining allegations set forth in Paragraph 2 of the FACTS attachment to the Amended Complaint are denied.

3. After reasonable investigation, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the FACTS attachment to the Amended Complaint, and these allegations are therefore denied.

4. Defendant admits that Verizon Benefits Center records reflect that Plaintiff ceased working for New York Telephone Company on February 13, 1979.

5. Defendant admits that the terms of the New York Telephone Plan for Employees' Pensions, Disability Benefits and Death Benefits, effective January 1, 1979, applies to Plaintiff's claim for pension benefits. Defendant further admits that, although the pages are mis-ordered and the final page is missing, the document attached as Exhibit A to the Amended Complaint appears to be a copy of the New York Telephone Plan for Employees' Pensions, Disability Benefits and Death Benefits, effective January 1, 1979, that was provided to Plaintiff

in connection with this lawsuit.  The remaining allegations set forth in Paragraph 5 of the FACTS attachment to the Amended Complaint are denied.

6.  Defendant denies the allegations set forth in Paragraph 6 of the FACTS attachment to the Amended Complaint, inasmuch as Paragraph 6 only partially quotes the terms of a written document which speaks for itself.

7.  Defendant denies the allegations set forth in Paragraph 7 of the FACTS attachment to the Amended Complaint, inasmuch as Paragraph 7 only partially quotes the terms of a written document which speaks for itself.

8.  Defendant admits that Verizon Benefits Center records reflect Plaintiff's date of birth as February 24, 1948, and therefore, that Plaintiff would have been 25 years of age on February 24, 1973.

9.  Defendant admits that Verizon Benefit Center records reflect that Plaintiff continued to work for New York Telephone after turning 25, and until February 13, 1979.  The allegation that New York Telephone was branded as NYNEX during Plaintiff's employment with New York Telephone is denied.  Defendant further denies the remaining allegations set forth in Paragraph 9 of the FACTS attachment to the Amended Complaint, inasmuch as they suggest or contend that Plaintiff is entitled to pension benefits under the Plan because she turned age 25 during her employment with New York Telephone Company.

10.  Defendant admits that Verizon Benefits Center records reflect Plaintiff's date of birth as February 24, 1948, and therefore, that Plaintiff would have been 65 years of age on February 24, 2013.

11.  Defendant admits that Plaintiff submitted a Claim Initiation Form for pension benefits dated April 12, 2013.  The remaining allegations set forth in Paragraph 11 of the

FACTS attachment to the Amended Complaint are denied, inasmuch as they purport to paraphrase or characterize a written document which speaks for itself, and/or suggest or contend that Plaintiff was entitled to receive pension benefits.

12. Defendant admits that Plaintiff's Claim Initiation Form dated April 12, 2013 was treated as a request for a Deferred Vested Pension under the New York & New England component of the Verizon Pension Plan for Associates (the "Plan") which, at the time of Plaintiff's termination of employment on February 13, 1979, was known as the Plan for Employees' Pensions Disability Benefits and Death Benefits. The remaining allegations set forth in Paragraph 12 of the FACTS attachment to the Amended Complaint are denied, inasmuch as these allegations purport to paraphrase or characterize a written document which speaks for itself.

13. Defendant admits that Plaintiff submitted a Claim Initiation Form for pension benefits dated October 17, 2015. The remaining allegations set forth in Paragraph 13 of the FACTS attachment to the Amended Complaint are denied, inasmuch as these allegations purport to paraphrase or characterize a written document which speaks for itself.

14. Defendant admits that Plaintiff's Claim Initiation Form dated October 17, 2015 was treated as a request for a Deferred Vested Pension under the Plan. Defendant further admits that on January 12, 2016, the Verizon Claims Review Unit sent a letter to Plaintiff denying her claim for pension benefits. The remaining allegations set forth in Paragraph 14 of the FACTS attachment to the Amended Complaint are denied, inasmuch as these allegations purport to paraphrase or characterize a written document which speaks for itself.

**INJURIES:**

Defendant denies the allegations set forth in the "INJURIES" Paragraph of Plaintiff's Amended Complaint.

**IV.   RELIEF**

Defendant denies that Plaintiff is entitled to back payment for pension payments not received since she turned 65 and also denies that she is qualified to receive any pension payments under the Plan.  Defendant further denies that Plaintiff is entitled to judgment in her favor and/or any damages or other relief, either in the manner alleged in the Amended Complaint or otherwise.

All allegations not specifically admitted herein are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff in the Amended Complaint fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff in the Amended Complaint are barred by virtue of the fact that under the applicable Plan, the Verizon Claims Review Committee has discretionary authority to determine benefit eligibility and to construe the terms of the Plan.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff in the Complaint are barred by virtue of the fact that the Verizon Claims Review Committee administered the Plan according to its terms.

### **FOURTH AFFIRMATIVE DEFENSE**

The claims asserted by Plaintiff in the Amended Complaint are barred by virtue of the fact that neither the Verizon Claims Review Unit nor the Verizon Claims Review Committee acted arbitrarily or capriciously.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in by the applicable statute of limitations.

### **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by virtue of her failure to pursue and exhaust the appeal procedures under the Plan.

### **SEVENTH AFFIRMATIVE DEFENSE**

Expressly without waiving any defenses Defendant might have to Plaintiff's pending lawsuit, including defenses based on failure to exhaust appeal procedures under the Plan, on April 3, 2016, the Verizon Claims Review Committee reconsidered Plaintiff's request for a Deferred Vested Pension under the Plan. Based on its review of, for example, all information and material submitted by Plaintiff, Verizon's records, and the terms of the Plan, the Verizon Claims Review Committee ultimately determined that Plaintiff was not entitled to a Deferred Vested Pension under the Plan, as it explained to Plaintiff in a letter dated April 19, 2017.

WHEREFORE, Defendant requests that judgment be entered in its favor with respect to all claims asserted in Plaintiff's Amended Complaint, and that it be awarded its costs and attorneys' fees in defending this action.

Case 1:16-cv-07138-GHW Document 21 Filed 06/01/17 Page 7 of 7

Dated: June 1, 2017

Respectfully submitted,

By:  /s/ *Christina Joy F. Grese*
Christina Joy F. Grese
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Tel: (212) 692-1057
Fax: (212) 409-8602
Email: cjgrese@duanemorris.com

*Attorneys for Defendant*