UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MINERVA MACK,

                Plaintiff,

   -against-

VERIZON COMMUNICATIONS INC.,

                Defendant.
-------------------------------------------------------------------

Case No. 1:16-cv-07138-GHW

**Electronically Filed**

### DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT MOTION FOR SUMMARY JUDGMENT

Now comes Defendant, by and through its undersigned counsel, and in accordance with Local Civil Rule 56.1, sets forth the following statement of undisputed material facts in support of its motion for summary judgment:

1. Plaintiff asserts a claim for pension benefits under the New York & New England component of the Verizon Pension Plan for Associates (the "Plan"). Verizon Communications Inc. is the sponsor of the Verizon Pension Plan for New York and New England Associates (hereinafter the "Plan"). See July 17, 2017 Affidavit of Marc A. Schoenecker (hereinafter "Schoenecker Affidavit") at ¶3.

2. Ms. Mack is a participant under the Plan by virtue of her prior employment with New York Telephone Company ("New York Telephone"), a predecessor company to Verizon. At the time of her termination of employment from New York Telephone in 1979, the Plan was known as the Plan for Employees' Pension, Disability Benefits and Death Benefits. Schoenecker Affidavit ¶ 4 and Exhibit 1.

3.      Ms. Mack became a "participant" in the Plan after having reached age twenty-five (25), at which point she had the requisite one (1) or more years of service to become a participant.  For example, the Plan provision regarding Pension Plan participation is set forth in Section 4.1.e of the Plan and states as follows:

> e.      **Pension Plan Participation**
>
> All employees who have reached the age referred to in Section 202(a)(1)(A)(i) of the Pension Act, namely age twenty-five, and whose years of service have been one year or more, shall be participants in the Pension Plan, provided that no employee whose term of employment commences after he has attained the age of sixty years shall be a participant.

Schoenecker Affidavit, Exhibit 1 at page V0007.

4.      The eligibility requirements for a deferred vested pension under the Plan are set forth in Section 4.1.b of the Plan.  Those provisions provide in relevant part as follows:

> b.      **Deferred Vested Pension.**
>
> Except as specified in subparagraphs (i) and (ii) of this paragraph 1(b), *any participant as defined in Paragraph 1(e) of this Section 4* who has served *ten or more calendar years during the period beginning with the age referred to in Section 203(b)(1)(A) of the Pension Act, namely age twenty-two*, and ending on the last day of the month in which the sixty-fifth birthday occurs, and any participant who is in the service of the Company at age sixty-five, who on or after January 1, 1979, leaves the service of the Company for any reason, and who is not eligible for a service pension under Paragraph 1(a) of this Section 4, *shall be eligible for a pension which shall commence upon his sixty-fifth birthday* or the day following the termination of his employment with the Company whichever is later and shall be referred to in these Regulations as a deferred vested pension.

Schoenecker Affidavit, Exhibit 1 at page V0006 (emphasis added).

5.      The Plan further provides that "[e]xcept in the event of termination of the Plan, no employee or annuitant shall have any right to a service or deferred vested pension unless

2

he meets the conditions specified in Paragraph 1(a) or 1(b) of Section 4 of these Regulations…" Id. at page V0024, Section 8.1 (emphasis added).

6. Ms. Mack's date of birth is **[redacted]**, 1948. Schoenecker Affidavit ¶ 6.

7. On or about April 12, 2013, Ms. Mack submitted a claim for a deferred vested pension under the Plan. Ms. Mack's claim was reviewed by the Verizon Claims Review Unit, which considered the information provided in Ms. Mack's Claim Initiation Form, Verizon's records, and the terms of the Plan. Schoenecker Affidavit ¶ 7 and Exhibit 2.

8. Following its review, the Verizon Claims Review Unit denied Ms. Mack's claim, based on its determination that Ms. Mack had not met the requirements for a deferred vested pension at the time of the termination of her employment – specifically, that she had not satisfied the 10 years of service (excluding service before age 22) requirement, as set forth in Section 4.1.b of the Plan. Schoenecker Affidavit ¶ 8.

9. By letter dated September 12, 2013, the Verizon Claims Review Unit informed Ms. Mack that that her claim for a deferred vested pension under the Plan was denied, and notified her of the process to follow if she wished to appeal that determination to the VCRC, the designated Appeals Administrator under the Plan. Schoenecker Affidavit ¶ 9 and Exhibit 3.

10. On or about October 17, 2015, Ms. Mack submitted a second request for pension benefits under the Plan, which the Verizon Claims Review Unit treated as a new claim, given that it was somewhat different than Ms. Mack's 2013 claim. Ms. Mack's claim was again reviewed by the Verizon Claims Review Unit, which considered the information provided in Ms. Mack's Claim Initiation Form, Verizon's records, and the terms of the Plan. Schoenecker Affidavit ¶ 10 and Exhibit 4.

11. Following its review, the Verizon Claims Review Unit concluded that Ms. Mack's claim for pension benefits should remain denied, based on its determination that Ms. Mack had not met the requirement for a deferred vested pension at the time of the termination of her employment in 1979 – i.e., she did not complete 10 years of service with New York Telephone, excluding periods of service before age 22.  Schoenecker Affidavit ¶ 11.

12. By letter dated January 12, 2016, the Verizon Claims Review Unit informed Ms. Mack that her claim for a deferred vested pension under the Plan remained denied, and again notified her of the process to follow if she wished to appeal that determination to the VCRC.  Schoenecker Affidavit ¶ 12 and Exhibit 5.

13. Ms. Mack did not formally appeal either the September 2013 claim denial or the January 2016 claim denial to the VCRC, as required by the terms of the Plan and outlined in the claim denial letters she received.  Schoenecker Affidavit ¶ 13.

14. On or about September 9, 2016, Ms. Mack initiated the instant lawsuit by filing a Complaint with this Court.  Schoenecker Affidavit ¶ 14.

15. In or about March 2017, while expressly reserving any defenses to Ms. Mack's Complaint, including any defenses concerning failure to exhaust administrative remedies by timely filing an appeal of the Verizon Claims Review Unit's determinations, Verizon, as a courtesy to Ms. Mack, decided to reconsider her claim for pension benefits under the Plan. Schoenecker Affidavit ¶ 15 and March 3, 2017 Letter Motion to Judge Gregory H. Woods, at Dkt. No. 10.

16. To that end, the VCRC placed the reconsideration of Ms. Mack's claim on the agenda for its April 3, 2017 meeting and invited Ms. Mack to submit any additional material she would like the VCRC to consider in connection with her request for pension benefits.

Correspondence from Verizon conveying the same was mailed to Ms. Mack on March 3, 2017. Schoenecker Affidavit ¶ 16.

17. At the April 3, 2017 meeting of the VCRC, the earlier determination denying Ms. Mack's claim for a pension under the Plan was upheld. In reaching this determination, the VCRC reviewed and considered, for example, the information provided in each of Ms. Mack's previous requests for pension benefits, additional materials Ms. Mack submitted to Verizon on March 21, 2017, Verizon's records, including the two prior initial claim determinations provided to Ms. Mack in September 2013 and January 2016, and the terms of the Plan. The VCRC also reviewed Ms. Mack's pleadings filed with this Court. Schoenecker Affidavit ¶ 17 and Exhibit 6.

18. Ms. Mack was informed of the decision of the VCRC in a detailed, five (5) page letter dated April 19, 2017. Schoenecker Affidavit ¶ 18 and Exhibit 6.

19. In summary, based on its review, the VCRC determined that Ms. Mack was not entitled to pension benefits under the Plan because: (1) the terms of the Plan dictate that an employee must complete ten (10) years of service, beginning with the year she reaches age 22, to receive a deferred vested pension; (2) Ms. Mack reached age 22 in 1970 and, therefore, any period of employment prior to January 1, 1970 was not recognized under the Plan for vesting purposes; (3) even considering pre-1970 periods of employment reported by Ms. Mack (which were not verified in Company records), under no circumstances could Ms. Mack be considered to have completed more than nine (9) years of service with New York Telephone for vesting purposes; and (4) although the Retirement Equity Act of 1984 lowered the age for determining vesting service from 22 to 18, and the Tax Reform Act of 1986 lowered the vesting service requirement from ten (10) year to five (5) years, those changes in the law took effect

5

prospectively, for plan years well after Ms. Mack terminated employment in 1979, and therefore, such changes did not apply to Ms. Mack.  Schoenecker Affidavit ¶ 18 and Exhibit 6.

20. Under the Plan, the Plan administrators are vested with authority to construe the terms of the Plan, make factual findings and determine benefit eligibility.  The Plan specifically provides in relevant part as follows:

> Section 3.2.e:
>
> The Committee, . . . shall grant or deny claims for benefits under the Plan…
>
> Section 3.4:
>
> The Employees' Benefit Committee, or the Review Committee when it reviews a denial of a claim, shall determine conclusively for all parties all questions arising in the administration of the Plan.
>
> Section 8.3.a:
>
> In all questions relating to age and service for eligibility to become a participant or eligibility for a deferred vested pension, or relating to term of employment and rates of pay for determining service pension and other benefits, the decision of the Committee, based upon these Regulations and upon the records of the Company and insofar as permitted by applicable law, shall be final.

Schoenecker Affidavit, Exhibit 1 at pages V0004, V0005, and V0024.

21. The "Committee," as used in the Plan language quoted in paragraph 20 above, is defined as the "Employees' Benefit Committee appointed by the Company to administer the Plan," and "Company" in turn is defined to include successors to New York Telephone.  Schoenecker Affidavit, Exhibit 1 at page V0003.

6

Respectfully submitted,

_s/ Christina Joy F. Grese_
Christina Joy F. Grese
Duane Morris LLP
1540 Broadway
New York, NY  10036
(212) 692-1057
cjgrese@duanemorris.com

Attorneys for Defendant